IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

JOHAMID HERNANDEZ-COTTO,
Respondent

CRIMINAL NO. 14-031 (JAF)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: AMENDMENT 782

This is an initial determination as to eligibility for the drug reduction amendment promulgated by the United States Sentencing Commission under Amendment 782 to Policy Statement § 1B1.10(d).

After careful review of the defendant's presentence report, charging document(s), plea agreement (if any), judgment and statement of reasons, I recommend as follows:

[ ] The defendant is **not** eligible for a sentence reduction based on the following factor(s):

> [ ] A. The guidelines range that applied in this case was not determined under one of the guidelines affected by the amendment (2D1.1, 2D1.2, 2D1.5, 2D1.6, 2D1.8, 2D1.10, 2D1.11, and 2D1.14), or the drug guideline was initially used but a cross reference to other guideline was triggered, resulting in a total offense level determined based on the cross referenced guideline.

CRIMINAL No. 14-031-10 (JAF)		2

[   ] B. The defendant was sentenced to a statutory mandated minimum imprisonment term. The defendant did not comply with the safety valve provisions and did not receive a reduction of his or her imprisonment term based on a departure for substantial assistance or a Rule 35 motion subsequent to the original sentence.

[   ] C. The defendant's final and total base offense level was derived from the career offender or the career criminal guideline.

[   ] D. The base offense level was 43 or 38 based on 2D1.1(a)(1) or (2) as the defendant was convicted of a drug violation and the offense of conviction established that death or serious bodily injury resulted from the use of the substance and the defendant committed the offense after one or more prior convictions for a similar crime.

[   ] E. The base offense level was 12 or lower and the case involved heroin, cocaine, cocaine base, PCP, methamphetamine, amphetamine, LSD or fentanly.

[   ] F. The base offense level was 8 or lower and the offense involved flunitrazepam.

[   ] G. The base offense level was 6 or lower and the offense involved marijuana, hashish, ketamine, Schedule I or II Depressants, Schedule III Hydrocodone, Schedule III Substances (other than Ketamine and Hydrocodone), Schedule IV Substances (except flunitrazepam), or Schedule V Substances.

[   ] H. The Court determined the base offense level by using either of the quantity tables at U.S.S.G. § 2D1.11 and the base offense level was 12 or lower.

Since a determination of ineligibility has been made, the matter is formally submitted to the Presiding District Court Judge. The Federal Public Defender or

CRIMINAL No. 14-031-10 (JAF)          3

Defense Counsel has 10 days to object to the initial assessment of ineligibility. After the 10-day period, and in the absence of an objection by defense counsel, the Presiding District Court Judge may rule on the motion for reduction of sentence and may adopt the recommendation of the Magistrate Judge.

[ X ] The defendant **may be** eligible for a sentence reduction and therefore the matter is referred to a United States District Judge.  (The Presiding Judicial Officer shall wait for the Parties' stipulation within 14 days, and if no stipulation is reached within this term, to await for the United States Probation Office, the Federal Public Defender and the Government's memoranda within 14 days thereafter).

Reasons for initial determination: The defendant's eligibility is not excluded by any of the factors listed in A through H, and falls within the parameters for the two-point reduction reflected in the amended drug tables of U.S.S.G. § 2D1.1 and § 2D1.11.

I therefore recommend that the motion to reduce sentence (Docket No. 283) be considered by the Court since the defendant may be eligible for a sentence reduction.

At San Juan, Puerto Rico, this 26th day of March, 2015.

                                S/JUSTO ARENAS
                       United States Magistrate Judge